IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAWN MATTHEW DUFFY,

    Petitioner,

vs.                                                   Civil No. 04-672 JB/RHS

ROBERT ULIBARRI, Warden,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court on Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") **[Doc. 1]** and Respondent's Motion to Dismiss ("Motion"), filed August 12, 2004 **[Doc. 10]**. Petitioner is confined pursuant to the Third Amended Judgment, Sentence and Commitment of the Second Judicial District Court for the crimes of felony murder, tampering with evidence and possession of a firearm or destructive device by a felon. (Ex. D attached to Answer, filed Aug. 12, 2004 **[Doc. 9]**.[1]) Petitioner was sentenced to life imprisonment plus eleven (11) years. (Id.)

    2. Petitioner, proceeding *pro se*, alleges the following grounds for relief in his federal petition:

    I. Denial of effective assistance of counsel for the following reasons:

        (a) counsel failed to take appropriate actions concerning [Petitioner's] need for psychological evaluation,
        (b) petitioner's right to challenge the presiding judge was denied,

---

[1] All exhibits referenced in these proposed findings and recommended disposition ("PFRD") are attached to Respondent's Answer.

      (c)  counsel failed to investigate the forensic evidence,
      (d)  counsel failed to investigate what happened to key evidence,
      (e)  counsel failed to challenge the pre-trial identification of the defendant,
      (f)  counsel failed to object to the State's failure to preserve evidence and failed to call a witness concerning missing evidence, and
      (g)  counsel failed to effectively represent Petitioner in his motion to suppress evidence.

    II.  Petitioner was denied due process of law for the following reasons:

      (a)  Petitioner was tried while mentally incompetent[2], and
      (b)  the State failed to preserve material and exculpatory evidence.

    III.  Petitioner's conviction was obtained by the use of perjured testimony [prosecutorial misconduct]:

      (a)  the prosecutor falsely asserted that blood on the pants belonged to the victim, and
      (b)  the prosecutor [falsely] told the jury that Petitioner had dyed his hair.

    3.  Respondent concedes that grounds I(a) and II(a) are exhausted, but asserts that Petitioner failed to exhaust the remaining grounds because they have not been presented to the Supreme Court of New Mexico. In addition, Respondent argues that the unexhausted claims are procedurally defaulted because, under New Mexico law, Petitioner is now precluded from pursuing them in state court.

    4.  Petitioners generally must exhaust available state court remedies before seeking redress in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1); see also Demarest v. Price, 130 F.3d 922, 932 (10th Cir. 1997); Picard v. Connor, 404 U.S. 270, 275 (1971). The exhaustion doctrine is rooted in considerations of federal-state comity and seeks to allow states the

---

[2]Petitioner also re-stated this alleged error as a fourth ground in his Petition. The Court will consider the allegations set forth in Petitioner's fourth ground under grounds (I)(a) and (II)(a).

opportunity to correct constitutional errors prior to federal intervention.  Picard v. Connor, 404 U.S. 270, 275-76 (1971).  The exhaustion requirement is met when the state's highest court has had an opportunity to reach the merits of petitioner's habeas claims.  Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992).

5. Petitioner presented the claims related to his mental competence, mental defenses and the prosecutor's statement regarding his hair color to the state's highest court.[3]  Thus, the Court finds that grounds I(a), II(a) and III(b) are exhausted.  However, Petitioner's remaining grounds are not exhausted, because they have not been presented to the Supreme Court of New Mexico.[4]

6. Next, the Court must determine whether Petitioner's unexhausted claims are procedurally defaulted, barring federal habeas review.  See Dulin, 957 F.2d at 759 (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)) (noting "that if the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review").  Ordinarily, "New Mexico state courts will not consider any issues raised in a second post-conviction proceeding which could have been raised in the first proceeding."  Harris v. Williams, 5 Fed.Appx. 831, 833, 2001 WL 201962, at **1 (10th Cir. Feb. 28, 2001) (not selected for publication in the Federal Reporter) (citing State v. Gillihan, 524 P.2d 1335, 1336 (N.M.

---

[3] Although Petitioner did not challenge the prosecutor's statement about his hair color in his state habeas petition, he did raise the issue before the state supreme court on direct appeal.  (See ex. G at 23-25, attached to Answer; ex. J at 20-22.)

[4] Some of Petitioner's unexhausted grounds are entirely new, in that they have not been presented to any New Mexico state court.  Other grounds were initially raised in Petitioner's post-conviction petition filed in state district court, but were not brought forward to the state supreme court for review.

1974) (noting that grounds omitted in prior proceedings are deemed waived). However, "[t]here is a narrow exception to this . . . waiver rule when the petitioner asserts 'fundamental error' in his trial. Id.[5] Fundamental error is defined by the New Mexico Supreme Court to be "such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take[s] from the defendant a right which was essential to his defense." Gillihan, 524 P.2d at 1337 (quoting State v. Gillihan, 85 N.M. 514, 514 P.2d 33 (1973)).

    7. At trial, Mr. Duffy's theory of defense was that he did not commit the crimes of which he was accused. In light of this defense strategy, Petitioner's allegation that the State failed to preserve material and exculpatory evidence, particularly combined with other allegations of prosecutorial misconduct, alleges error that potentially "go[es] to the foundation of the case or take[s] from the defendant a right which was essential to his defense." Id. Thus, although Petitioner's unexhausted grounds appear to be barred from state review under New Mexico's general rule, it is not clear that New Mexico would find his allegations precluded under the doctrine of fundamental error.

    8. Under circumstances where it is not clear that state review is foreclosed and in the interest of comity, Petitioner's unexhausted claims should be dismissed without prejudice so that he may first pursue and exhaust those claims in state court. See e.g., Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists); Burgin v. Broglin, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state

---

[5] Another exception applies "to situations in which the prisoner's mental capacities preclude an intelligent waiver." Gillihan 524 P.2d at 1336.

remedies and further exhaustion is required, better course is to require petitioner to explore possibility that state remedies exist).

9. Mr. Duffy's federal petition is "mixed," because it contains both exhausted and unexhausted claims. A petition containing an unexhausted claim is subject to dismissal. Rose v. Lundy, 455 U.S. 509, 520-21 (1982). "The Tenth Circuit has held specifically that a district court must dismiss an entire mixed petition rather than dismissing only the unexhausted claims." Aragon v. Shanks,185 F.3d 873, 1999 WL 448815, at **2 (10th Cir. Jul. 2, 1999) (unpublished table decision) (citing Harris v. Champion, 48 F.3d 1127, 1131, 1133 (10th Cir.1995) (disapproving dismissal of unexhausted claims only and clarifying that "a court cannot adjudicate the exhausted claims in a mixed petition unless the petitioner amends the petition to delete the unexhausted claim")). Accordingly, Mr. Duffy's federal petition should be dismissed without prejudice because it contains one or more unexhausted grounds.

10. However, Mr. Duffy has a choice regarding how to proceed. Mr. Duffy may choose to proceed immediately on the exhausted claims before this Court, or he may choose to wait until he has exhausted all of his claims in state court before proceeding on his federal habeas. See Clark v. Tansy, 13 F.3d 1407, 1409 (10th Cir. 1993). Each of these choices is accompanied by risks and consequences.

11. Mr. Duffy may choose to withdraw his unexhausted grounds and proceed immediately with his federal petition in this Court solely on exhausted grounds I(a), II(a) and III(b). If he chooses this option, Mr. Duffy risks losing the opportunity to present his unexhausted grounds in this Court at a later date. See Tapia v. LeMaster,172 F.3d 1193, 1195 (10th Cir. 1999) (explaining that a petitioner who opts to have only exhausted claims heard is

5

considered to have abandoned the unexhausted claims, and a subsequent petition containing those claims will be barred as a successive petition if he is unable to meet the requirements for filing another petition) (citing Rose, 455 U.S. 509 (1982)).  Alternatively, Mr. Duffy may choose to pursue his unexhausted grounds, I(b-g), II(b) and III(a), in state court, thus delaying his federal petition altogether.  If he chooses this option, Mr. Duffy should bear in mind that the one-year statute of limitation still applies to all of the grounds in his petition, including those that have been exhausted, and thus, he risks losing the opportunity to present his grounds at a later date as time-barred.[6]  See Rose, 455 U.S. at 521 (cited in Clark, 13 F.3d at 1409.)

12.  If Petitioner wishes to proceed with his federal petition solely on grounds I(a), II(a) and III(b), he may notify the Court within the 10 day period allotted for the filing of objections to these findings, in order to avoid re-filing the petition following the order of dismissal.  If Petitioner does not notify the Court that he wishes to withdraw the unexhausted grounds I(b-g), II(b) and III(a) and proceed on the remaining grounds, his petition will be dismissed without prejudice.

## Recommendation

I recommend that Mr. Duffy's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody **[Doc. 1]** be DENIED and this cause be DISMISSED without prejudice based on non-exhaustion of claims.  Respondent's Motion to Dismiss **[Doc. 10]** should be DENIED as moot.

---

[6]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year time limitation for filing petitions and mandated that the period begin to run on the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998)).

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

      *Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE