# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SHAWN MATTHEW DUFFY,

      Petitioner,

vs.                                                   Civil No. 04-672 JB/RHS

ROBERT ULIBARRI, Warden,

      Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court on Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") **[Doc. 1]** and Respondent's Motion to Dismiss ("Motion"), filed August 12, 2004 **[Doc. 10]**. Petitioner Shawn Duffy is confined pursuant to the Third Amended Judgment, Sentence and Commitment of the Second Judicial District Court for the crimes of felony murder, tampering with evidence and possession of a firearm or destructive device by a felon. (Ex. D attached to Answer **[Doc. 9]**.)[1] Petitioner was sentenced to life imprisonment plus eleven (11) years. (Id.)

    2. Petitioner, proceeding *pro se*, alleges the following grounds for relief in his federal petition:

    I(a)    Denial of effective assistance of counsel due to counsel's failure to take appropriate actions concerning Petitioner's need for psychological evaluation;

    II(a)   Denial of due process in that Petitioner was tried while mentally incompetent; and

---

[1] All exhibits referenced in these proposed findings and recommended disposition ("PFRD") are attached to Respondent's Answer.

    III(b)   Petitioner's conviction was obtained by prosecutorial misconduct because the prosecutor falsely told the jury that Petitioner had dyed his hair.[2]

3. On May 20, 1998, the New Mexico Supreme Court affirmed Mr. Duffy's convictions for felony murder and tampering with evidence, and vacated his robbery conviction. (Ex. J.) On September 10, 1999, Petitioner filed an Amended Petition for a Writ of Habeas Corpus, seeking to set aside his remaining convictions on the grounds of ineffective assistance of counsel. (Ex. M.) The state district court held an evidentiary hearing that concluded on August 11, 2003. (See Transcript of Proceedings ("Tr.") of June 12, 2003, June 13, 2003 and August 11, 2003.) On February 24, 2004, the Honorable Ross C. Sanchez issued his findings and conclusions and denied Mr. Duffy's habeas petition. (Ex. T.) The New Mexico Supreme Court denied Mr. Duffy's petition for writ of certiorari on April 22, 2004. (See Ex. W.)

4. Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a state court has decided issues on the merits, a federal court may grant habeas relief only if a petitioner can show that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," id. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings," id. § 2254(d)(2). Moreover, the factual findings of a state court are presumed correct and can be overturned by this Court only if the presumption is rebutted by clear and convincing evidence. See 28 U.S.C.A. § 2254(e)(1). Because the state courts adjudicated

---

[2]Petitioner previously withdrew the remaining grounds of his Petition from this Court's consideration. (See Order Granting Motion to Withdraw Grounds I(b-g), II(b) and III(a) and Motion to Proceed Solely on Grounds I(a), II(a) and III(b), filed August 3, 2005 **[Doc. 26]**.)

Petitioner's claims on their merits, the AEDPA standards of review apply.

*Ground II(a)*:  *whether Petitioner was tried while mentally incompetent*

5.  Petitioner claims that he was tried while mentally incompetent, alleging that due to a mental illness that "was left untreated at the time of these proceedings . . . . [he] could not fully participate in his defense." (Petition at 5.)  Petitioner's allegation that he was tried and convicted while, in fact, incompetent raises a substantive due process claim.  See McGregor v. Gibson, 248 F.3d 946, 952 (10th Cir. 2001).  The test for determining a defendant's competency to stand trial is "whether [he] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him."  Id. (citing Dusky v. United States, 362 U.S. 402, 402 (1960)).  Competency to stand trial is a factual question.  See United States v. Boigegrain, 155 F.3d 1181, 1189 (10th Cir. 1998).

6.  Following an evidentiary hearing held in state district court, Judge Sanchez concluded that, "the totality of the evidence presented  . . . [demonstrated that] Petitioner was competent to . . . stand trial in 1994[,] [and] . . . . failed to establish that Petitioner was incompetent to stand trial."[3]  (Ex. T at 5.)  Judge Sanchez specifically cited Dr. Gatling's testimony,[4] Dr. Seagrave's

---

[3] During the evidentiary hearing, the Court heard testimony from Anthony Ayala (Petitioner's trial counsel), John Gatling, Ph.D. (forensic psychologist), Shawn Duffy, Zinat Sobhani, M.D. (psychiatrist), Daniel Seagrave, Psy.D. (forensic psychologist) and the Honorable Cecelia Niemczyk (assistant district attorney at Petitioner's criminal trial).

[4] "Petitioner's behavior during the trial was intelligent, polite, and appropriate."  (Ex. T at 3.)

testimony,[5] and Petitioner's conduct during the trial[6] as support for his conclusion. Judge Sanchez acknowledged that trial counsel experienced "initial difficulties and communication problems" with Petitioner, prompting Mr. Ayala to request a forensic evaluation. (Ex. T at 2.) However, the judge found that Petitioner eventually "began to cooperate and communicate" with Mr. Ayala.[7] Indeed, Judge Sanchez found that Mr. Ayala "did not notice . . . any mental problems at pre-trial hearings or during the trial." (Id.) Moreover, Judge Sanchez found that Petitioner "did not report experiencing any mental problems" and that neither the "trial judge nor the prosecutor noticed any hint that Petitioner was experiencing mental problems at pre-trial hearings or during the trial." (Id.)

      7. In support of his claim, Petitioner points to Dr. John Gatling's testimony that:

> Petitioner has a family history of mental illness; Petitioner has been diagnosed "with bipolar I disorder . . . [and] receives various medications"; Petitioner's untreated condition during the trial "would have adversely affected his ability to plan legal strategy with his attorney"; Petitioner exhibited symptoms of "self-aggrandizement [in his opening statement]. . . and was 'a little abnormal' to say the least"; Petitioner's "psychiatric condition could have affected his ability at trial[,] . . . . [including] his ability to rationally communicate with his attorney"; and "in [Dr. Gatling's] professional opinion[,] there is a reasonable probability that Petitioner was (mentally) incompetent to stand trial."

---

   [5]"[T]hroughout the trial Petitioner exhibited goal oriented, coherent behavior." (Id.)

   [6]Judge Sanchez found that by conducting legal research, asking "to act as pro-se counsel," "acting as co-counsel with Mr. Ayala," and "making his own opening statement," Petitioner "was an active participant in his own defense." (Id.)

   [7]Judge Sanchez also found that the "trial court noticed a lot of communication and collaboration between Petitioner and Mr. Ayala both before . . . and during the trial." (Ex. T at 2.) The judge found that due to the resolution of the communication problems, "Mr. Ayala did not go forward with the request for [a] forensic evaluation." (Id.)

(Petition at Attachment 5.)

8. Factual findings from state court proceedings are presumed correct unless rebutted by clear and convincing evidence. § 2254(e)(1). Here, Petitioner offers no clear and convincing evidence to overcome deference to the state court findings on this issue. Moreover, I reach the same conclusion with respect to the state court's competency findings, whether or not I accord those findings deference and/or presume their correctness.

9. For the most part, Dr. Gatling's opinions are speculative and non-specific (i.e., "could have affected his ability . . . ").[8] While Dr. Gatling characterized certain statements in Mr. Duffy's opening remarks as self-aggrandizing and "a little abnormal" (tr. 6/12/03 at 124:16-20), he also testified: "I can't say there were any problems in anything [else] I saw in the opening statement" (id. at 148:8-15). As Judge Sanchez noted, Dr. Gatling agreed that Petitioner exhibited intelligent, polite, and appropriate conduct in a colloquy with the court on the issue of whether he should participate as counsel in his trial. (Id. at 145:24-25; 146:1-3, 21-25; 147:1-6.) Dr. Seagrave testified that "[a]part from Mr. Duffy's self-report, there are no substantial data or clinical information that would support that he was incompetent to stand trial." (Tr. 8/11/03 at 79:17-19.) Finally, Dr. Gatling's review of the trial transcript was apparently limited to opening statements. (See Tr. 6/12/03 at 148:16-18.)[9]

---

[8] Petitioner misstated Dr. Gatling's testimony that there was a "reasonable probability" that Petitioner "was (mentally) incompetent to stand trial." (Petition at Attachment 5.) Rather, when asked his opinion as to whether there was "a reasonable possibility or probability that Mr. Duffy *may* have been incompetent to stand trial," Dr. Gatling responded, "I think there's [a] probability of that." (Tr. 6/12/03 at 129:17-20 (emphasis added).)

[9] In contrast, Dr. Seagrave performed a retrospective competency evaluation of Petitioner and reviewed, *inter alia*, "the [entire] trial transcripts from the 1994 trial, [pretrial] motion hearings transcripts . . . . records from BCDC and . . . DOC," and spoke to Mr. Ayala, Michelle

10.  The Court notes that a history of mental problems and substance abuse alone, do not establish incompetency to stand trial.  Walker v. Gibson, 228 F.3d 1217, 1227 (10th Cir. 2000) (citations omitted), abrogated on other grounds, Neil v. Gibson, 278 F.3d 1044 (10th Cir. 2001).  Petitioner's trial counsel, Mr. Ayala, "did not notice . . . any mental problems at pre-trial hearings or during the trial."  (Ex. T at 2.)  See, e.g., Walker, 228 F.3d at 1228 (citations omitted) ("Defense counsel is often in the best position to determine whether a defendant's competency is questionable.").  Moreover, the trial judge, who was cognizant of a potential competency issue as a result of Mr. Ayala's initial request for a forensic evaluation, was not concerned after having ample opportunity to observe and interact with Mr. Duffy at pretrial hearings and during trial (Ex. T at 2.)

11.  Based on the parties' submissions and a review of the testimony taken at the evidentiary hearing, I find that the state court's determination that Mr. Duffy was competent to stand trial was not based on an unreasonable determination of the facts, nor was it contrary to, or an unreasonable application of, clearly established federal law.  See 28 U.S.C. § 2254(d)(1-2).  Accordingly, relief on this ground should be denied.

*Ground I(a):  whether Petitioner was denied effective assistance of counsel*

12.  In order for Petitioner to prevail on his claim that he received ineffective assistance of counsel, he must satisfy a two-part test.  See Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).  First, he must show that "counsel's representation fell below an objective standard of reasonableness."  Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland v. Washington,

---

Warren (initial defense counsel for Mr. Duffy), Susan Gibbs (appellate counsel), Lynneanne Maxwell (counsel for Respondent) and Brian Tucker (state habeas counsel for Petitioner). (Tr. 8/11/03 at 39:21-25, 40:1-2; 43:13-25, 44:1-8, 23-25, 45:1.)

466 U.S. 668, 688 (1984)).  To demonstrate that his attorney's performance fell below this standard, Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.

     13.  Second, even if Petitioner is able to satisfy the first prong of this test, he will not be entitled to relief unless he is also able to demonstrate that his counsel's performance prejudiced him.  The burden rests with Petitioner to show that there is a reasonable probability that, but for any unprofessional errors by counsel, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Id., 466 U.S. at 698.  This, in turn, requires the Court to focus on "the question whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."  Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) (quoted in Moore v. Marr, 254 F.3d 1235, 1239 (10th Cir. 2001)).  Petitioner's mere assertions are not enough to satisfy the prejudice prong.

     14.  Petitioner's trial counsel, Mr. Ayala, explained that he requested a forensic evaluation based on Mr. Duffy's initial refusal to communicate with counsel.  However, Mr. Ayala also testified that once Petitioner began to cooperate with him, he "never had any problems with Mr. Duffy," and thus, determined that a forensic evaluation was no longer necessary.  (Tr. 6/12/03 at 80:2-7, 15-20; 81:1-9.)  Despite Petitioner's allegations to the contrary, Mr. Ayala testified that Mr. Duffy did not mention having any "blackouts," periods of "lost time" or any mental difficulties.  (Id. at 83:3-15; 84:15-17.)  Following the evidentiary hearing, Judge Sanchez found that "[d]efense counsel exercised the skill of a reasonably competent attorney in not pursuing the forensic evaluation . . . . [because he] had no reasonable basis to" do so.  (Ex. T at 6.)  This

finding is not contrary to clearly established Federal law, nor is it based on an unreasonable determination of the facts.  See  28 U.S.C. § 2254(d)(1), (2).  Petitioner fails to demonstrate that his counsel was ineffective for failing to pursue a psychological or forensic evaluation.  On this basis, relief on this ground should be denied.

15.     Petitioner also fails to demonstrate that he was prejudiced by the allegedly deficient conduct of counsel.  Because the state court determined that Petitioner was mentally competent at the time of his criminal trial, this ground necessarily fails.  That is, even assuming that Petitioner's counsel acted unreasonably in failing to pursue a forensic or psychological evaluation prior to trial, Petitioner was not prejudiced by such conduct because he was not mentally incompetent to stand trial.  Accordingly, relief based on this ground should be denied.

*Ground III(b):  whether Petitioner's conviction was obtained by prosecutorial misconduct*

16.  Finally, Petitioner alleges that the prosecutor improperly told the jury in closing remarks that the Petitioner had dyed his hair when the prosecutor knew that Petitioner had not done so.  (See Petition at Attachment 4.)  The New Mexico Supreme Court ("NMSC") addressed the merits of Petitioner's allegation of prosecutorial misconduct in its decision affirming his murder conviction.  (See Ex. J.)

17.  At the outset, the NMSC noted that trial counsel "are permitted wide latitude" in closing arguments (id. at 20 (citing State v. Gonzales, 1992-NMSC-002, 113 N.M. 221, 229, 824 P.2d 1023, 1031)) and Petitioner "did not object to . . . [the prosecutor's] comments at trial" (id. at 20).  The NMSC noted that while several witnesses testified regarding differences in Mr. Duffy's hair color and appearance, "[n]o one testified that Duffy's hair appeared to have been

dyed." (Id. at 21.) However, the NMSC further noted that "no testimony contradict[ed] the notion that Duffy's hair had somehow changed between his arrest and the date of the trial[,]" and found that "[o]ne reasonable inference . . . was that Duffy had caused that change." (Id.) Thus, the NMSC concluded that "[t]he prosecutor's comments during the closing arguments 'stated conclusions and inferences reasonably drawn from the facts and circumstances and were within the permissible range of argument.'" (Id. (quoting State v. Montoya, 80 N.M. 64, 68, 451 P.2d 557, 561 (Ct. App. 1968).) Finally, the NMSC determined that even if the prosecutor's remarks were improper, they constituted harmless error, in light of "the overwhelming evidence that supports Duffy's conviction."[10] (Id. at 22 (citing State v. Contreras, 1995-NMSC-064,120 N.M. 486, 492, 903 P.2d 228, 234 (stating that, even if it were error to admit questionable testimony, evidence supporting defendant's guilt was overwhelming).)[11]

18. The "touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips, 455 U.S. 209, 219 (1982). "Habeas relief is available for prosecutorial misconduct only when the misconduct is so egregious that it renders the entire trial fundamentally unfair." Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998); see also Donnelly v. DeChristoforo, 416 U.S.637, 642-48 (1974). A

---

[10]The NMSC noted that when Petitioner was arrested, the police found "airline cards belonging to the [the victim], a pocket knife, and a syringe" in the pockets of the pants that Petitioner was wearing." (Ex. J at 3.) "In . . . [Petitioner's] boots they found a .22 caliber handgun . . . . [and the victim's] credit cards and checkbook were found on a coffee table in the living room." (Id.) In addition, two eyewitnesses "picked [Petitioner] Duffy's picture from a six-picture photo array as the man they had seen attack [the victim]." (Id.)

[11]In disposing of Petitioner's arguments on this ground, the NMSC did not cite any federal law, but rather looked only to state law. Accordingly, it is questionable whether the standards of review set forth in § 2254(d)(1) apply. See Trice v. Ward, 196 F.3d 1151, 1166 n.5 (10th Cir. 1999).

prosecutor's improper comment or argument warrants habeas corpus relief only where the remark "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly, 416 U.S. at 643, 645 (1974); e.g., Darden v. Wainwright, 477 U.S. 168, 181 (1986) ("[I]t is not enough that the prosecutor's remarks were undesirable or even universally condemned."); Caldwell v. Mississippi, 472 U.S. 320, 338 (1985) (plurality) (explaining that not every improper or unfair remark made by a prosecutor amounts to a federal constitutional deprivation).

19. "Inquiry into the fundamental fairness of a trial can be made only after examining the entire proceedings and reviewing the strength of the evidence against the petitioner." Van Woudenberg ex rel. Foor v. Gibson, 211 F.3d 560, 570 (10th Cir. 2000) (citations omitted), abrogated on other grounds, McGregor v. Gibson, 248 F.3d 946 (10th Cir. 2001). "Ultimately, we must consider the jury's ability to judge the evidence fairly in light of the prosecutor's conduct." Id. (citation omitted).

20. Here, Petitioner offers no clear and convincing evidence to overcome deference to the state court findings. The NMSC's conclusion that the prosecution's un-objected to remarks "are outweighed by the overwhelming evidence" against Petitioner was reasonable.[12] (Ex. J at 22.) This Court finds that the state court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law. Moreover, this Court would reach the same conclusion were it to apply a *de novo* standard of review. That is, in light of the strong case against Mr. Duffy, the prosecutor's allegedly improper remarks did not hinder the jury's ability to

---

[12]Counsel's failure to object to the comment, while not dispositive, is relevant to a fundamental fairness assessment. Walker, 228 F.3d at 1230 (citation omitted), abrogated on other grounds, Neill v. Gibson, 278 F.3d 1044 (10th Cir. 2001)).

judge the evidence fairly or render the proceedings fundamentally unfair. Accordingly, relief on this ground should be denied.

## Recommended Disposition

I recommend that Respondent's Motion to Dismiss **[Doc. 10]** be GRANTED, that Petitioner's application for writ of habeas corpus **[Doc. 1]** be DENIED, and that this civil proceeding be DISMISSED with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1). Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE